IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0761-LTB

**FRANKIE L. MCCONNELL**, also known as
**FRANKIE MCCONNELL**,

    Plaintiff,

v.

**MICHELLE ABEYTA;**
**LAURA TAFOYA**;
**JOHN SCOLERI;** and
**K. STEENBERGEN**,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Frankie L. McConnell, also known as Frankie McConnell, who resides in Aurora, Colorado, filed *pro se* an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Complaint (ECF No. 1) asserting civil rights claims for money damages apparently, pursuant to 42 U.S.C. § 1983, arising from her prior incarceration.  Ms. McConnell was granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (ECF No. 5).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, fails to state claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

    The Court must construe Ms. McConnell's Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his [or her] confusion of various legal theories, his [or her] poor syntax and sentence construction, or his [or her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

On April 14, 2015, Magistrate Judge Gordon P. Gallagher ordered Ms. McConnell to show cause why the Complaint and the action should not be dismissed as repetitive of *McConnell v. Abeyta,* Civil Action No. 14-cv-00274-LTB (D. Colo. Mar. 21, 2014), *appeal dismissed for lack of prosecution*, No. 14-1171 (10th Cir. June 12, 2014) and *McConnell v. Abeyta,* Civil Action No. 14-cv-02102-LTB (D. Colo. September 5, 2014). Magistrate Judge Gallagher warned Plaintiff that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. Feb. 14, 2012) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citation omitted). A duplicative suit may be dismissed for reasons of "wise judicial administration." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *Curtis v.*

*Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); accord Williams v. Madden, 9 F. App'x 996, 997 & n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action"). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

In No. 14-cv-00274-LTB, Ms. McConnell filed a Prisoner Complaint against Michelle Abeyta, Laura Tafoya, John Scoleri, and K. Steenbergen for money damages pursuant to 42 U.S.C. § 1983. She challenged a disciplinary report she received while incarcerated from Defendant, Michelle Abeyta, charging her with threats and disobeying a lawful order. She alleged she was falsely convicted on January 12, 2012, by Defendants, John Scoleri and K. Steenbergen, hearing officers at her disciplinary hearing, and sanctioned by twenty days of punitive segregation and the loss of thirty days of earned-time credits. She complained that Defendant, Laurie Tafoya, upheld the conviction on appeal. On March 21, 2014, the Court dismissed the action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). In Civil No. 14-2102, she made similar allegations against the same defendants seeking the same relief. That action was dismissed as repetitive on September 5,2104. In the instant action, she makes similar allegations against the same Defendants seeking the same relief.

In response to the Order to Show Cause, Ms. McConnell filed a Letter on April 24, 2015 complaining that Defendants need to be held accountable (ECF No. 6). Such letter does not suffice to show that this ligitation is not repetitive of her earlier filings in this Court. Therefore, the Complaint and the action will be dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B) as frivolous or malicious because the instant action is repetitive of Civil No. 14-cv-00274-LTB and Civil No. 14-2102 in this Court.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. McConnell files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Complaint (ECF No. 1) and the instant action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious because the instant action is repetitive of *McConnell v. Abeyta,* Civil Action No. 14-cv-00274-LTB (D. Colo. Mar. 21, 2014), *appeal dismissed for lack of prosecution*, No. 14-1171 (10th Cir. June 12, 2014) and *McConnell v. Abeyta,* Civil Action No. 14-cv-02102-LTB (D. Colo. September 5, 2014). It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. It is

DATED at Denver, Colorado, this   19th   day of May, 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court